## BRECHER FURNITURE COMPANY v. FIREMEN'S INSURANCE COMPANY AND OTHERS.[1]

February 2, 1923.

No. 23,389.

**Rider on standard form of fire insurance policy—case followed.**

> Heim v. American Alliance Ins. Co. 147 Minn. 283, to the effect that a fire insurance company may not use a rider upon the standard form of insurance policy prescribed by statute which provides for any method of determining liability that results in limiting the same at less than the actual loss and less than the amount insured, followed and applied.

Action in the district court for Ramsey county to recover $30,000 from defendant fire insurance companies. The case was tried before Catlin, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendants' separate motions for amended findings and conclusions were denied. From an order denying their joint and separate motion for a new trial, defendants appealed. Affirmed.

*Nathan H. Chase,* for appellants.

*Harry A. Hageman* and *O'Brien, Stone, Horn & Stringer,* for respondent.

BROWN, C. J.

Plaintiff occupied as tenant the premises covered by the insurance involved in the action under a contract of lease extending for

[1]Reported in 191 N. W. 912.

the period of 5 years from January, 1920, at a rental of $800 per month. A very profitable business was established, realizing large net profits to plaintiff. In July, 1920, plaintiff procured from defendants "use and occupancy" insurance in the total sum of $30,-000; each defendant issuing a policy for one-third of that amount. The policies were in conformity with the standard form provided by statute, and the premium therefor was paid. The lease under which plaintiff held the premises contained a provision to the effect if the same became injured or damaged by fire or the elements, so as to render them unfit for occupancy, or to such an extent that they could not be repaired with reasonable diligence within 60 days "then the lessor may terminate this lease and the term herein demised from the date of such damage or destruction, and the tenant shall immediately surrender the demised premises and all interest therein to the lessor, and the tenant shall pay rent only to the time of such surrender."

The premises were injured and damaged by fire in December, 1920, to such an extent that they could not be repaired within the time stipulated, namely, 60 days from the date of the fire, and the lessor, acting under the provisions of the lease above quoted, formally canceled the same, thus terminating all rights of future occupancy thereof under the lease.

Plaintiff made due proof of the damage and destruction of the property, and that the premises were so damaged by the fire that they could not be repaired and put in order within the time fixed by the lease, and for that reason the lessor canceled the same, thus causing a total loss to plaintiff, and claim to that effect was duly made. Defendants declined to recognize the claim or to pay the amount demanded, insisting that their liability was expressly limited to the extent stated in a rider attached to the policies at the time they were issued, to the effect that liability hereunder should continue after the fire "for not exceeding such length of time as should be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of said buildings  *  *  * as may be destroyed or damaged commencing with the date of the fire."

On the other hand, as contended by plaintiff, the policies insured plaintiff in the right to conduct and carry on its business upon the premises, during the term of the lease, the "use and occupancy" being defined to include "net profits of the business, interrupted and prevented by damage or destruction of the building by fire, also expenditure and liability for rent, interest on investments and indebtedness, taxes, etc." The general provisions of the policies contain no limitations as to the time for accrual of the items so enumerated, but the rider referred to expressly imposes the limitation of a reasonable time for repairs.

The trial court held the limitation relied upon by defendants void, following the decision in Heim v. American Alliance Ins. Co. 147 Minn. 283, 180 N. W. 225, 1022, and gave judgment for plaintiff in the full amount of the policies, as for a total loss, upon evidence of an actual loss in excess of that amount. Defendants appealed.

The points and contentions in support of the appeal involve the correctness of the decision in the Heim case. It cannot be distinguished in point of substantive differentiating facts, and must be followed or overruled. The question there received careful consideration. It was fully and ably argued by counsel for the respective parties, and the conclusion reached represented the deliberate judgment of the court. The able reargument of the question in the case at bar, though fully weighed and considered, leaves the court of the opinion expressed in the former decision, namely, that the limitation of liability under the policy, as expressed in the rider, is void, as in violation of the statutory standard form of insurance contracts. We follow and apply the rule to this case.

This covers the case. The evidence, the introduction of which is not here challenged, except as in the opinion of defendants it offends the limitations found in the rider, fully supports the amount of the award of damages as given by the trial court.

There can be no serious doubt of the proposition that the insurance company in such case, in the absence of fraud or mistake, is conclusively presumed to know the terms and conditions attached to the leasehold right insured. The case in this respect comes within the rule applied in Larkin v. Glens Falls Ins. Co. 80 Minn. 527, 83

N. W. 409, 81 Am. St. 286. Defendants in this cause therefore must be deemed to have known of the lessor's right, reserved in the lease, to cancel the contract in the event of damage to the building to an extent rendering suitable repairs within 60 days impossible.

If defendants be of the opinion that the rule of the Heim case will work a hardship upon insurance companies in this class of insurance, the remedy is with the legislature, the law-making authority of the state.

Order affirmed.