## COMMERCIAL ACCIDENT INSURANCE COMPANY v. GEORGE W. WELLS, JR., AS THE COMMISSIONER OF INSURANCE.[1]

June 15, 1923.

No. 23,424.

**Limitation on specific benefits in accident policy violates section 3523.**

1. The general contractual provisions of an accident insurance policy, stipulating to pay specified amounts for particular designated accidental injuries, are followed by the further provision that if the policy be kept in force for full five years, the company will pay for any such injury, "in lieu of all other benefits," a sum equal to the premiums paid to maintain the policy in force. The total amount of such premiums may be less than the specific indemnities granted and for which the premiums were paid.

It is *held* that the provisions for a return of the premiums in lieu of the specific benefits will in instances operate as a direct limitation upon the amount specifically stipulated to be paid, and constitute a violation of G. S. 1913, § 3523.

**Order of Insurance Commissioner authorized.**

2. An order of the state insurance department directing a discontinuance of writing policies containing that limitation, *held* within the authority granted by G. S. 1913, § 3522.

Action in the district court for Hennepin county to restrain defendant from revoking the license of plaintiff to transact business in the state. From an order, Leary, J., denying its motion for a temporary injunction, plaintiff appealed. Affirmed.

*Le Roy Bowen*, for appellant.

*Clifford L. Hilton*, Attorney General, and *G. A. Youngquist*, Assistant Attorney General, for respondent.

BROWN, C. J.

The facts in this case are not in dispute. Plaintiff is an accident insurance company, issuing and selling accident indemnity policies in this state and elsewhere. The company on June 1, 1922, submit-

[1]Reported in 194 N. W. 22.

ted a form of policy to the state insurance department, of which defendant is commissioner, for approval or disapproval, as required by G. S. 1913, § 3522, together with a schedule of premium rates and benefits for various risks included in a classification previously filed with the commissioner. Thereafter, on October 15, 1922, the commissioner, acting on the authority conferred by G. S. 1913, § 3522, duly made an order in and by which plaintiff was directed to discontinue the issuance of policies in the form submitted, for the reason that Part V thereof was in violation of law and not in conformity with the legislative policy of the state in the regulation and control of such contracts; to the end that they be clear, unambiguous and specific in all respects. Thereupon the company brought this action to restrain and enjoin the enforcement of the order. An application for a temporary injunction pending the suit was denied and the company appealed.

The policy in its general contractual provisions conforms to the requirements of our regulatory statutes on the subject, obligating the company, in consideration of the premiums paid by the insured, and the performance of the stipulations therein imposed upon him, to indemnify the insured in the amounts stated for the accidental injuries therein scheduled. The policy may be in any definite amount, and specific amounts are stated for death by accidental means; for the loss of eyes, of hands or feet, and for monthly indemnity for permanent or partial disability. In short the policy is full and specific in all respects, except as presently to be stated, clearly defining the obligations assumed by the company and the rights granted the insured; all being included in those portions of the policy designated as Parts I, II, III and IV. It continues in force and effect for the definite period therein stated "and such further periods as the premiums paid will maintain the same in force."

The controversy here before the court, the foundation of the order of the insurance department of which complaint is made, centers around the provisions of Part V of the policy, in the following language:

## PART V.

"If this policy be maintained in continuous force for five full years, and the premiums paid on or before the day they become due, the company will pay, in lieu of all other benefits, a sum equal to all the premiums paid hereon for one day or more disability, less the amount of prior claims paid for disability under the policy.

"If any default in the payment of any premium or payment required on this policy be made, then the amount payable for disability under Part V shall not exceed an amount equal to one year's premium."

The burden to sustain the order of the insurance department condemning this part of the policy as unauthorized and a violation of the requirements of our standard form of insurance contracts rests with the defendant. In that behalf and in support of the order it is contended that the provisions of Part V are improperly made a part of the policy for the reasons: (1) That in legal effect they change the contract into one of endowment insurance, a class of insurance which the company is not authorized to write; and (2) that they operate as a limitation upon the amount of indemnity to a sum less than that expressly stipulated for and for which the premiums are paid, and prohibited by G. S. 1913, § 3523.

No question arises in respect to the authority of the insurance department in the premises, and we have only to inquire whether the power granted by the statute was here exceeded. The question is answered in the negative. Although the provisions of the policy here involved border closely on endowment insurance, unauthorized by this company without the necessary reserve fund, we find it unnecessary to decide the question or thereon predicate our decision sustaining the order of the trial court in refusing to restrain the insurance department from giving force and effect to the suspension order. For we are clear that the effect of the challenged provisions is a direct limitation upon the indemnity expressly granted by preceding policy stipulations, therefore a violation of the statute. Heim v. American Alliance Ins. Co. 147 Minn. 283, 180 N. W. 225; Brecher Furniture Co. v. Firemen's Ins. Co. 154 Minn. 446, 191 N. W. 912.

The indemnity provided for by the general provisions of the policy are specific in amount, and in instances might substantially exceed the benefit found in a return of premiums, as provided by Part V, thus operating in reduction of the amount of the specific indemnity for which the premiums were paid. A situation of the kind in varying degrees may often arise in cases where a policy is kept in force for 5 years. This is not seriously controverted. But counsel for plaintiff seeks to avoid the situation thus created on the theory that the provisions of Part V are ambiguous, and to be construed by the court as vesting in the policyholder an option to claim under Part V or the specific indemnity stipulations as seems most advantageous to him. Though quite ingeniously presented by counsel, we are unable to adopt that conclusion. The terms of Part V are not in our opinion ambiguous, as the term is understood in the law, and the court is without authority to give the language there employed a scope, meaning or a privilege to the policyholder, not embraced in its clear intent and meaning. White v. Standard Life & Acc. Ins. Co. 95 Minn. 77, 103 N. W. 735, 884, 5 Ann. Cas. 83; Bader v. New Amsterdam Casualty Co. 102 Minn. 186, 112 N. W. 1065, 120 Am. St. 613. The language of Part V is simple and plain and to the effect that when the policy is kept in force for full 5 years the company "will pay, in lieu of all other benefits," a sum equal to the premiums paid in keeping the policy alive. The language cannot well be modified by judicial construction by reading into it an optional selection of benefits as the insured may prefer.

Our conclusion therefore is that the insurance department was within its jurisdiction in directing a discontinuance of the use of the policy with the provisions of Part V incorporated therein.

From this it does not necessarily follow that policies issued prior to the order of suspension become void or unenforceable. The contracts are valid, except as to the objectionable provisions, and under the rule of the Heim case may be enforced, eliminating those provisions as in violation of the statute and void.

Order affirmed.