## HUDSON MFG. CO. v. NEW YORK UNDERWRITERS' INS. CO. et al.

Circuit Court of Appeals, Seventh Circuit.
June 7, 1929.

No. 4110.

Harry A. Hageman, of St. Paul, Minn., for appellant.

James D. Shaw, of Milwaukee, Wis., for appellees.

Before ALSCHULER and PAGE, Circuit Judges, and LUSE, District Judge.

PAGE, Circuit Judge. Appellant's sole contention is that the method of fixing the loss, as provided in clauses 2 and 3 of section III of the rider attached to the insurance policies sued on, is illegal, because of the provisions of the Wisconsin statutes.

Following the space at the top for the insertion of the name of the company issuing the policy, the face of the Wisconsin standard fire insurance policy reads (Wis. Stats. 1927, p. 1652):

"Amount $———— Rate ———— Premium $————

"In consideration of the Stipulations herein named and of ———— dollars Premium Does Insure ———————— and legal representatives, to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair and without compensation for loss resulting from interruption of business or manufacture, for the term of * * * against all direct loss and damage by fire and by removal from premises endangered by fire, except as herein provided, to an amount not exceeding ———————— Dollars, to the following described property while located and contained as described herein, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from fire, but not elsewhere, to wit:
[Space for description of property.]

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the stipulations and conditions printed on the back hereof, which are hereby made a part of this policy, together with such other provisions, stipulations and conditions as may be endorsed hereon or added hereto as herein provided."

For the purpose of covering loss consequent upon the interruption of use and occupation, the five appellees (defendants) used the standard form, but, instead of describing the property in the "Space for description of property," attached a so-called rider, which, so far as material, reads as follows:

"The conditions of this contract are that if the building" (describing appellant's [plaintiff's] factory at Oshkosh, Wisconsin) "be destroyed or damaged by fire occurring.

during the term of this policy so as to necessitate a total or partial suspension of business, this company shall be liable under this policy for the actual loss sustained, consisting of:

"I. Net profits on the business which is thereby prevented;

"II. Such fixed charges and expenses as must necessarily continue during a total or partial suspension of business to the extent only that such fixed charges and expenses would have been earned had no fire occurred;

"III. Such expenses as are necessarily incurred for the purpose of reducing the loss under this policy; for not exceeding such length of time, commencing with the date of the fire and not limited by the date of expiration of this policy, as shall be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of said building(s) and machinery and equipment and raw stock (Insert here 'and raw stock' if liability due to damage to or destruction of raw stock is included) as may be destroyed or damaged subject to the following conditions and limits, towit:

"(2). Total Suspension Clause: The per diem liability under this policy during the time of total suspension of business of all the properties described herein shall be limited to the 'Actual Loss Sustained,' not exceeding 1/300 of the amount of this policy for each business day of such suspension, except that in the case of business being operated on Sunday and/or holidays, in which event the said per diem liability shall not exceed 1/365 of the amount of this policy for each business day of such suspension, due consideration in either case being given to the experience of the business before the fire and the probable experience thereafter.

"(3). Partial Suspension Clause: * * * (Is on same basis as '(2). Total Suspension Clause')."

Under the provisions on the back of the standard form and of paragraph 12 of the rider in question, appraisers were appointed, and they found the number of days of total suspension and of partial suspension, and found the total loss to be $32,959.94, figured on the basis of an actual daily loss of $278.86. The appraisers did not consider or find the amount of the loss figured on the basis of clauses 2 and 3 of the rider in question. Contending for the $32,959.94, found by the appraisers, plaintiff moved for a judgment therefor. upon the pleadings. Contending for the amount shown to be due when figured in accordance with the terms of clauses 2 and 3 of the rider, defendants moved for a judgment on that theory, and judg-

ment was rendered accordingly for a sum aggregating $17,730.

Section 203.06 of the Wisconsin Statutes of 1927 (page 1653) provides by subsection 1 thereof:

"*Standard Policy Exclusive—Exceptions.* (1) No fire insurance company, corporation or association, except township mutual insurance companies, their officers or agents, shall make, issue, use or deliver for use any fire insurance policy on property in this state, other than such as shall conform in all particulars as to blanks, size of type, context, provisions, agreements and conditions with the printed forms of contract or policy so filed in the office of the commissioner of insurance as provided for in Sections 203.01 and 203.02 to 203.08, all inclusive, and no other or different provision, agreement, condition or clause shall in any manner be made a part of said contract or policy, or be indorsed thereon or delivered therewith except as follows, to wit." (The exceptions are not here material.)

Subsection 2 provides:

"(2) Printed or written forms of description and specifications or schedules of the property covered by any particular policy, and any other matter necessary to clearly express all the facts and conditions of insurance on any particular risk (which facts or conditions shall in no case be inconsistent with or a waiver of any of the provisions or conditions of the standard policy herein provided for), may be written upon or attached or appended to any policy issued on property in this state. Nothing in this section shall be construed as prohibiting the attachment of said policy of a clause or clauses insuring against any other risk or risks authorized by subsection (3) of section 201.05 to be embraced in the same policy with fire, or against consequential loss or damage including loss of rents, leasehold interests, profits or commission or loss resulting from interruption of business or manufacture due to any or all of the risks insured against."

It is urged that, because of the provision in section 203.21 of the Wisconsin Statutes (page 1659), appellee had no right to limit its liability below the amount written in the policy. That section provides:

"Whenever any policy of insurance is written to insure real property and the property insured is wholly destroyed, * * * the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property when insured and the true amount of loss and measure of damages when destroyed."

Concerning this, it seems enough to say:

The policy did not insure real property; by the very nature of the policy, the real property therein described could not have been intended to and could not be the measure of appellee's liability.

It is likewise urged that, because of the undisputed averment in the complaint that plaintiff paid for the insurance the "full and regular bureau rate, without any reduction whatever, fixed and allowed and then in force within the state of Wisconsin," the policy in question cannot be considered as coming within the provisions of section 203.22 of the Wisconsin Statutes (page 1659) with reference to coinsurance:

"Except as otherwise provided by law, no fire insurance company shall issue any policy in this state containing any provision limiting the amount to be paid in case of loss below the actual cash value of the property, if within the amount for which the premium is paid, unless, at the option of the insured, a reduced rate shall be given for the use of a coinsurance clause made a part of the policy. The rate for the insurance, with and without the coinsurance clause, shall be specified upon every policy."

Defendants have not contended that it does.

Referring to subsection 1 of section 203.-06, supra, we find the provision is that "no fire insurance company * * * shall * * * issue * * * any fire insurance policy on property in this state, other than," etc.

Referring to the standard form, which is the state's interpretation of the meaning of that subsection, it appears therefrom that the settlement for the loss thereunder is to be "without compensation for loss resulting from interruption of business or manufacture," and it is to cover direct loss from damage by fire and by removal from premises endangered by fire. So we find that that which defendants here insured against, namely, loss resulting from interruption of business and manufacture, is specifically excluded from the provisions of the standard policy.

In subsection 2 of section 203.06, "the attachment of said policy of a clause or clauses," is an express provision that nothing in the Insurance Act is intended to prevent fire insurance companies from issuing insurance policies against "consequential loss or damage * * * resulting from interruption of business or manufacture," or from adding to the standard form such clause or clauses as would make effective that kind of insurance.

Insurance against loss of rent and loss resulting from interruption of business or manufacture is not "fire insurance" as that term is usually used and understood, and we are of opinion that there is nothing in the Wisconsin statutes that is intended to be a limitation upon the terms and conditions of the clauses written to effect such insurance.

It is urged by plaintiff that, because in an earlier amendment to subsection 2 of section 203.06 the words used were "a clause or agreement," instead of the words in the present statute "a clause or clauses," it was intended by the latest amendment to narrow the right of companies so that they could only insure by attaching "clauses," but could not insure by attaching an "agreement." We find no other provision in the statute relating to such insurance, so that, if it is to be written at all, it must be by a clause or clauses that amount to an agreement; otherwise there would be no obligation on the part of the insurance company.

What is meant by the averment in the complaint that plaintiff paid the full and regular bureau rate fixed and allowed and then in force within the state of Wisconsin is in no way explained. In 1917, to eliminate the confusion then existing in fire insurance rates, insurance companies were required, among other things, to become members of a rating bureau in the manner provided by statute. Section 203.32, Wisconsin Stats. p. 1661. The insurance commissioner of the state of Wisconsin has the power to fix and maintain a reasonable and nondiscriminatory rate. Hobbins v. Hannan, 186 Wis. 284, 292, 202 N. W. 800. It appears that the whole matter of rate making in the state of Wisconsin and the matter of riders, issued by ratemaking bureaus, are under the general control and direction of the insurance commissioner. State v. Whitman, 196 Wis. 472, 220 N. W. 929. It seems clear, therefore, that the riders used, as attached to this policy, must have been submitted to the insurance commissioner, and that the rate of insurance, which it is alleged was charged and paid, must have likewise been approved by him. This does not mean that, if the riders used in this case were actually prohibited by the insurance law of Wisconsin, the approval of the commissioner would make them legal, but it does indicate that the rate, which it is averred plaintiff paid, was a rate for the undertaking of the company, made in accordance with the provisions of the riders in question.

Plaintiff relies very strongly upon the cases of Heim v. American Alliance Ins. Co., 147 Minn. 283, 180 N. W. 225, 1022, and Brecher Furn. Co. v. Firemen's Ins. Co., 154 Minn. 446, 191 N. W. 912.

The Heim policy insured against loss of rents, and it was provided that the liability should be "determined by the time it would require to put the premises in tenantable condition." The Minnesota court stated the question before it to be:

"May a fire insurance company insert in a standard policy a clause not specifically authorized by statute, providing for a method of determining liability which results in limiting the recovery to less than the actual loss, and less, also, than the insurance purchased?"

Repairs caused by the fire could have been made in six weeks, but, because of a city ordinance, the building could not be repaired at all. The Minnesota statute provided:

"No fire company shall issue on property in this state any policy other than the standard form herein set forth * * * and no condition, stipulation or term other than those therein provided for whether as to * * * limitation * * * or otherwise shall be valid if inserted in any such policy, except as follows: * * * It may print or use in its policy printed forms for insurance against loss of rents and rental values, leaseholds of buildings, use and occupancy." Gen. St. Minn. 1913, § 3318.

The effect of that decision seems to be that, since plaintiff lost in rents $1,600, the face amount of the policy, the defendant could not limit its obligation to pay the full amount, even though the larger portion of the loss was due to the fact that the plaintiff was by the ordinance prevented from rebuilding.

In the Brecher Case, there was a similar provision for fixing the amount of the loss, but the insured could not rebuild, because conditions arose which authorized the landlord to cancel, and he did cancel, the insured's lease. The Minnesota statute provides that "no fire company shall issue on property in this state any policy other than the standard form," etc. The Wisconsin statute is:

"No fire insurance company * * * shall * * * issue, * * * any *fire* insurance policy on property in this state," etc. Section 203.06, subsec. 1, supra.

One statute says there shall be no policy, and the other no fire insurance policy. In the Minnesota statute, the provision is that a company may print or use in its policy printed forms for insurance against loss of rents, etc. The provision of the Wisconsin statute is that:

"Nothing in this section shall be construed as prohibiting the attachment of said policy of a clause or clauses insuring against * * * consequential loss or damage including loss of rents, leasehold interests, profits or commission or loss resulting from interruption of business or manufacture due to any or all of the risks insured against."

It seems to us that there is a material difference between a statute which provides that an insurance company may not use any other policy, but that it may print or use in the standard form certain provisions, and a statute which says that the company may not issue any other *fire* insurance policy, except on the standard form, but that nothing shall be construed to prohibit an attachment to the policy of clauses insuring against specified risks that are consequential but not direct fire losses. As noted, in the Heim Case, supra, most of the damage arose out of the fact that the rebuilding was prevented by some charter or ordinance provision of the city of St. Paul, or by reason of orders of the public authorities. In the Wisconsin standard form, it is expressly provided that, in exercising its right to repair, the cost thereof shall not be increased "by reason of any ordinance or law regulating construction or repair."

In California Ins. Co. v. Union Compress Co., 133 U. S. 387, 415, 10 S. Ct. 365, 371, 372 (33 L. Ed. 730), the Supreme Court said:

"As to the * * * point taken in regard to the words of the policy, 'direct loss or damage by fire,' the reply is, that those words mean loss or damage occurring directly from fire as the destroying agency. * * * *"

That definition was adopted by the Circuit Court of Appeals of the Sixth Circuit in Nelson v. Continental Ins. Co., 182 F. 783, 787, 31 L. R. A. (N. S.) 598. The Supreme Court of Minnesota, in Ermentrout v. Girard Fire, etc., Co., 63 Minn. 308, 65 N. W. 635, 30 L. R. A. 346, 56 Am. St. Rep. 481, takes issue with the holding in the California Insurance Case, supra, yet we think it perfectly clear that, when the state of Wisconsin provided in the standard form that the liability should be for direct loss by fire, and in the act, upon which the form was based, that clauses insuring against consequential loss for interruption of business, etc., it must have been intended that

the latter were not losses that would come under or within the standard form of policy described.

Judgment is affirmed.