110

## THORREZ & MAES MFG. CO. v. AMERICAN CENTRAL INS. CO.

### No. 15027.

District Court, E. D. Michigan, S. D.
Dec. 28, 1939.

Rosenburg & Painter, of Jackson, Mich. (Harold M. Shapero, of Detroit, Mich., of counsel), for plaintiff.

Smith, Strawhecker & Wetmore, of Grand Rapids, Mich., for defendant.

O'BRIEN, District Judge.

The matter comes before the Court on plaintiff's motion for summary judgment and defendant's motion to dismiss plaintiff's action. The suit is brought to recover One Hundred Thousand ($100,000) Dollars the face amount of a use and occupancy fire

insurance policy. The policy purports to insure net profits, and charges and expenses prevented from being earned, or necessarily continuing after destruction of the property by fire. It is undisputed that while the policy was in full force and effect a fire occurred causing a loss of use and occupancy of One Hundred Twenty-Three Thousand Five Hundred Fifty-Three ($123,553.14) Dollars and Fourteen Cents. Defendant paid Forty Thousand Six Hundred Thirty-Three ($40,633.09) Dollars and Nine Cents to apply on account of plaintiff's loss under a non-waiver agreement and this action is brought to recover the difference between the face amount of the policy and the amount paid.

Defendant's defense to the action is that by a clause in the policy described therein as a "contribution" clause the liability of insurer was limited to that proportion of the loss as the face amount of the policy bore to eighty (80%) per cent of what the total annual profits and continuing expenses would have been if there had been complete cessation of business utility of the premises for an entire year. It is conceded that there was no written application for the policy or the so-called "contribution" clause signed by the insured. Plaintiff claims that because there was no signed written application the clause in question is invalid, as being in violation of Section 12575 and 12580, C.L.1929 of the State of Michigan, which prohibits and invalidates co-insurance clauses in insurance policies unless a written application signed by the insured is obtained, and that under Section 12581, C.L.1929, the policy must be enforced to the same extent as if the claimed invalid clause had been omitted entirely. The Forty Thousand Six Hundred Thirty-Three ($40,-633.09) Dollars and Nine Cents paid on account of the loss is the sum the defendant contends was due, computed after giving effect to such clause. The validity or invalidity of this clause is the controlling issue involved in the motion for summary judgment.

The policy is written upon a standard form fire insurance policy with use and occupancy rider attached and purports to cover "the use and occupancy of the property described as follows:—One (1) story approved brick building, occupied by the insured as metal works situated at 1600-10 and rear 1610 Wildwood Avenue." Under Item I the policy insures to the extent of One Hundred Thousand ($100,000) Dollars the net profit which is prevented from being earned by reason of the destruction of the property by fire, and charges and expenses necessarily continuing during total or partial suspension of business.

The use and occupancy rider further contained a clause denominated therein as a "contribution" clause, which provides: " * * * this company shall be liable in event of loss for no greater proportion thereof than the amount thereby covered * * * bears to * * * 80% of the sum of the annual amount of all charges and other expenses that would have been earned during the twelve months immediately following * * * damage by fire * * *."

The statutes relied upon by plaintiff as invalidating and nullifying the clause in question are as follows:

"Whenever any person * * * shall make written application to any insurance company * * * to attach a co-insurance clause to any * * * policy * * * issued by such company, the latter shall have the right to issue and attach such co-insurance clause, but not otherwise. Such application shall be made substantially in the following form: * * * 'It is hereby agreed that the assured shall maintain insurance during the life of this policy upon the property hereby insured, to the extent of at least.....per cent of the actual cash value thereof, and that failing to do so, the assured shall be a co-insurer to the extent of the difference between the amount insured and the said.....per cent, of the cash value, and to that extent shall bear his, her or their proportion of any loss. It is also agreed that if this policy be divided into two or more items, the foregoing conditions shall apply to each item separately.'" Section 12575, C.L. 1929.

"That it shall be unlawful, except as herein otherwise provided, for any fire insurance company doing business in the state of Michigan to provide by any insurance policy issued by it, or by any clause therein, or by any separate agreement, that the liability of said insurance company to the insured shall be limited or restricted by reason of the failure of the said insured to insure the property covered by such policy for any certain amount or proportion of the actual cash value of such property." Section 12580, C.L.1929.

"Any provision of any policy, or any contract or agreement contrary to the pro-

visions of this sub-division shall be absolutely void, and any insurance company issuing any policy of insurance containing any such provision shall be liable to the insured under such policy in the same manner and to the same extent as if such provision were not therein contained." Section 12581, C.L.1929.

Since it is admitted that no written application signed by the insured was obtained as provided for by Section 12575, C.L.1929, if the foregoing statutes are applicable to this insurance policy plaintiff is entitled to a summary judgment, since the policy under Section 12581 must be enforced as if the clause in question were not present in the policy, in which event the loss having exceeded the face amount of the policy, defendant would be liable for the full face of the policy of One Hundred Thousand ($100,000) Dollars. Decision therefore must turn upon whether the statutes above quoted applies to and invalidates the clause in question.

Defendant contends that the foregoing statutes are not applicable to the clause in question for two reasons:

(1) Because the clause here in question is not a co-insurance clause but is a contribution clause since liability is not restricted by reason of the failure of the insured to carry insurance in a sufficient amount, but is restricted to that proportion of the loss as the face amount of the insurance bears to the total annual loss, irrespective of whether or not the insured carried insurance in an amount equal to the total annual loss, and

(2) Because the statutes in question are applicable only to fire insurance policies insuring physical property against direct loss caused by fire and not to indirect or consequential losses or losses or to insurance on incorporeal or intangible property.

█ I. As to defendant's first contention I have come to the conclusion that the question has been determined adversely to defendant's contention by the Supreme Court of the State of Michigan in Attorney General v. Commissioner, 148 Mich. 566, 112 N.W. 132. This decision by the Court of last resort of the State construing a State Statute is binding upon the Federal Courts under the rules consistently followed by Federal Courts even before Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, became the guiding rule in the Federal Courts. Certainly under the rule of the

Erie R. Co. v. Tompkins, supra, this being a matter of local law, this Court is bound to follow the law as announced by the State Courts.

In Attorney General v. Commissioner, supra, a clause almost identical with the clause here involved was held by the Court to be a co-insurance clause within the meaning of Act No. 153, Public Acts of 1895, now Section 12580, C.L.1929. The Court said on page 574 of 148 Mich., on page 135 of 112 N.W.: "* * * the case presented is not literally within its terms. The contract in question does not provide in terms that the liability of the company shall be limited or restricted by reason of the failure of the insured to insure the property for any certain amount or proportion of the cash value thereof. The liability of the company is fixed whether the insured does or does not procure any other insurance. The contract, so far as the point in question is concerned, is to pay such proportion of any loss as the amount of the policy bears to 80 per cent. of the cash value of the property insured. But in effect the contract made by a rider in the statute form and the one made by a rider in the form used in this case is precisely the same. * * * If no distinction can be made between the method employed here and the literal statute method, if co-insurance was, as seems to be admitted, aimed at by the Legislature, it would be a narrow construction which would regard the statute as applying to one case and not to the other, as a law to be evaded by mere phraseology. Although the statute imposes penalties for disobedience, it may be also regarded as a remedial statute aimed at a real or a supposed mischief. Counsel have pointed out no substantial distinction between co-insurance effected in one way and in the other, and have given no convincing reason for a construction which shall regard only the letter of the law of 1895. * * *" Attorney General v. Com'r of Insurance, 148 Mich. 566, 573, 574, 112 N. W. 132, 135.

█ Even if the decision in Attorney General v. Commissioner, supra, were not binding on this Court, I would have no hesitancy in arriving at a like conclusion. The purpose and effect of the clause here involved is exactly the same as if such clause were written in the exact form prohibited by the statute. The loss here was One Hundred Twenty-Three Thousand Five Hundred Fifty-Three ($123,553.14)

Dollars and Fourteen Cents, which was in excess of the face of the policy. Notwithstanding such fact, if such clause is enforced, only Forty Thousand Six Hundred Thirty-Three ($40,633.09) Dollars and Nine Cents is recoverable, according to defendant's claim. This is identically the result which would have followed from the use of a co-insurance clause in the exact language of the statute. Whether the clause is in the form here used or in the form prohibited by the statute, in order for an insured to have full coverage to the extent of the face amount of the policy, it is necessary that the insured carry insurance in an amount equal to eighty (80%) per cent of the loss during a full year's cessation of operation. It was undoubtedly the purpose and intent of the legislature to protect the unwary, by prohibiting such clauses unless a written application was obtained therefore signed by the insured, thus putting the insured on notice of the presence of such clause. I do not think the statute should be given a construction which would allow its frustration and evasion by merely changing the form of the clause but leaving the substance the same as that which the statute prohibits.

II. I have further come to the conclusion that the second contention of the defendant, that the statutes in question apply only to direct losses of physical property caused by fire and not to indirect or consequential losses to property nor to insurance on intangible or incorporeal property and therefore not to use and occupancy fire insurance, is without merit. I find nothing in the statutes to indicate any such legislative intent. Section 12575 by its terms is made applicable to "any policy" issued "by any insurance company." Section 12580 is by its terms made applicable to "any insurance policy" issued by "any fire insurance company doing business in the state of Michigan."

I think these provisions of the statute are plain and unambiguous and by their terms cover and apply to use and occupancy fire insurance. I do not believe they require construction by the Court. But if it could be said that there was any ambiguity in the provision of the statute, other sections of the Insurance Code indicate the legislative intent that the statutes in question be applicable to use and occupancy fire insurance. Some of these sections will be briefly noted.

Defendant has qualified to do an insurance business in the State of Michigan only under Section 12551, C.L.1929, authorizing insurance on property or damage to property or any interest therein. There is no other statute authorizing use and occupancy insurance to be written in this State unless it is included within Section 12551. Unless the provisions of Section 12551, 12573, 12575 and 12580 which, by their terms, apply to insurance policies written by fire insurance companies in this State, are applicable to use and occupancy fire insurance policies, the whole use and occupancy underwriting business is wholly unregulated in the State of Michigan; such policies can be written by any person or corporation regardless of qualifications, financial standing, and on any form, without any supervision by the Insurance Commissioner. Indeed upon the argument of this motion defendant's counsel frankly admitted that it was their contention that none of said statutes applied to use and occupancy fire insurance, and that use and occupancy insurance was wholly unregulated in the State of Michigan. I believe the legislature has indicated it had no such intent and that it was its intent and purpose to regulate the entire insurance and surety business field. This is shown not only by the title to the Insurance Code reciting its purpose to "provide for the departmental supervision and regulation of the insurance and surety business within this state," but also by the provision of the code itself which covers every conceivable line of insurance and surety business.

Furthermore Section 12573, C.L. 1929, as amended by Act 163, Pub.Acts 1931 provides: "No fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth, except as follows: * * *." Section 12573, C.L. 1929. Then follows various exceptions. By the "eighth" exception it is provided: "A company insuring against loss under rent and rental value may include such coverage by separate rider attached to the standard form." Section 12573, C.L.1929. By the "ninth" exception it is provided that coverage for indirect loss or damage to property may be likewise covered by rider attached to the standard form. The legislature has shown in unequivocable terms that it considered insurance policies covering rental value and indirect damage caused by fire to be within the meaning of an "insurance [policy] on property in this state" as this term is used in Section 12573, C.L. 1929. Use and occupancy insurance here

114

involved is the same type of insurance as those expressly covered by the "eighth" and "ninth" exceptions to Section 12573 which is made applicable to "insurance policies on property in this state."

■ Again, I am not convinced that use and occupancy is not "property" within the meaning of that term as it is used in the Insurance Code. The term "property" is "nomen generalissimum" and is one of the broadest terms known to the law. It generally includes not only physical property itself but includes the use and enjoyment of physical property, which is an essential quality or attribute of absolute property. I can find nothing in the statute to plainly indicate a legislative intent to restrict the term property to its most limited sense of physical property.

■ And perhaps even more important, the statutes in question are remedial statutes. In case of doubt the Court may look into the vices which the statutes attempted to remedy. The vice of permitting co-insurance clauses in fire insurance policies without having such clauses brought to the attention of the insured, by written application signed by the assured is neither greater nor less in the case of fire insurance policies on physical property than on use and occupancy fire insurance policies. I do not believe the legislature made or intended to make any distinction between these two types of policies in this respect.

Moreover the conclusion that I have come to in my opinion is supported by the authorities which have passed upon this question which have been called to my attention. In Heim v. American Insurance Company, 147 Minn. 283, 180 N.W. 225, 1022, the statutes involved were almost identical with the statutes of the State of Michigan and the question was presented as to whether a clause in a rent insurance policy restricting liability to an amount less than the loss and less than the amount of the policy was valid or whether the same was in violation of the statute. It was likewise there urged by defendant that such statutes were applicable only to fire insurance on physical property and was not applicable to insurance against consequential loss of rent arising from fire. The Court held that the statutes were applicable to insurance against loss of rental value arising from a fire and were not restricted in their application to fire insurance cover-

ing direct loss to physical property as defendant contended. The decision in that case was later followed and reaffirmed in Brecher Furniture Co. v. Firemen's Insurance Company, 154 Minn. 446, 191 N.W. 912.

Hudson Manufacturing Company v. New York Underwriters' Ins. Co., 7 Cir., 33 F.2d 460 does not conflict with the conclusions which I have reached. That case construed a Wisconsin Standard Policy Act wholly dissimilar to the Minnesota and Michigan Statute. The Court there indicated that if the Wisconsin Statute had been in the same form as the Minnesota Statute it would have arrived at the same conclusion as the Minnesota Court in Heim v. American Insurance Company, supra. The Michigan Standard Policy Act is identical with the Minnesota Statute and differs from the Wisconsin Statute in the same way as indicated in the opinion in the Hudson case as the Wisconsin Statute differed from the Minnesota Statute. Moreover, in Michigan there is the independent Act Section 12575 and 12580 C.L. 1929, expressly prohibiting co-insurance clauses without written application which was not present in either the Minnesota or the Wisconsin Statutes. The opinion of the Court in the Hudson Manufacturing Company case, supra, clearly indicates that under the Michigan Statute, the Court would have likewise come to the conclusion which I have reached that the clause here in question is invalid.

The motion to dismiss raises primarily the above questions involved in the motion for summary judgment and are disposed of by the conclusion that I have arrived at with respect to the motion for summary judgment. Insofar as said motion to dismiss raises other questions of procedure and pleading, I have examined the same and have found them to be without merit.

It follows that plaintiff is entitled to a summary judgment for the difference between One Hundred Thousand ($100,000) Dollars the face amount of the policy, and Forty Thousand Six Hundred Thirty-Three ($40,633.09) Dollars and Nine Cents, or Fifty-Nine Thousand Three Hundred Sixty-Six ($59,366.01) Dollars and One Cent plus interest at five (5%) per cent per annum from March 14, 1937 until date of entry of judgment, with costs to be taxed, and that defendant's motion to dismiss should be denied.